**UNITED STATES of America,**
**Appellee,**

v.

**Raul CHAVEZ–RIOS, Appellant.**

No. 06–3156.

United States Court of Appeals,
Eighth Circuit.

Submitted: Sept. 6, 2007.

Filed: Sept. 14, 2007.

John H. Lammers, U.S. Attorney's Office, Sioux City, IA, for Appellee.

Raul Chavez–Rios, Bastrop, TX, pro se.

Pamela A. Wingert, Spirit Lake, IA, for Appellant.

Before BYE, RILEY, and MELLOY, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Raul Chavez–Rios (Chavez–Rios) pled guilty to conspiring to distribute methamphetamine within 1,000 feet of a park, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), 860(a), and 846 (Count 1); and distributing methamphetamine within 1,000 feet of a park, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 860(a) (Counts 2–4). Chavez–Rios acknowledged before entering his plea that he was subject to a statutory mandatory minimum of 10 years in prison on Count 1. The district court[1] sentenced Chavez–Rios to the statutory minimum 120 months' imprisonment and 5 years' supervised release with the sentences on the counts to run concurrently. On appeal, Chavez–Rios's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing the sentence is unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This argument is unavailing. Because Chavez–Rios did not qualify for a substantial-assistance departure or for safety-valve relief, the district court had no authority to impose a sentence below the statutory minimum. *See United States v. Gregg*, 451 F.3d 930, 937 (8th Cir.2006); *United States v. Chacon*, 330 F.3d 1065, 1066 (8th Cir.2003).

After reviewing the record independently under *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have found no nonfrivolous issues for appeal. We grant counsel leave to withdraw, and we affirm.

1. The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.